Okay. May it please the Court, Daniel Tenney for the United States. I'm going to try to reserve three minutes for rebuttal. The Federal Tort Claims Act incorporates state law in defining the United States as liability by saying the United States can only be liable when a private person would be liable in like circumstances. And as every court of appeals to consider the issue before the court here has recognized, that means when there is a substantive limit on liability in the form of a statute of repose, then the United States can't be liable if that statute of repose would apply to a private person. As the Fourth Circuit put it, that means that if you subjected the United States to liability when a statute of repose would apply, then you're subjecting them to different liability than a private person. As the Seventh Circuit put it, the Federal Tort Claims Act not only doesn't preempt statutes of repose, but it expressly incorporates them by incorporating state law. Now, this court has not previously addressed this issue, but has explained consistent with all of these other circuits that in the Federal Tort Claims Act, the procedures by which claims are brought are set by federal law, but the substance of the scope of the liability is set by state law. And so this case would just involve a simple application of those principles to say that where there's a substantive limit on liability that would apply to a private person, then it should also equally apply to the United States. And the fact that that limit takes the form of a time limitation rather than some other limitation on liability doesn't change that fundamental principle. And I mean, one example that would sort of highlight the problem with the plaintiff's position here is if you had, as many states do, a limitation for builders or architects when they construct something, they say, there are lots of statutes of repose that say after a certain number of years, liability is extinguished because they don't want a builder to be if the house has a structural problem that manifests 20 years later, they don't want to say there's liability, they want to cut it off and say, if you build a house that's good for 15 years, or for example, it could be some other number of years, then that's fine and you're not subject to liability anymore after that. And the plaintiff's position here would mean that even if a private person constructed it and they would be off the hook after 15 years, if 20, 30, 40, 50 years later, there was a problem, if it happened to be the United States that had constructed the property at issue as opposed to a private person, then the United States could still be liable. And that just sort of illustrates the fundamental difference between... You argue in your brief that in the process of distinguishing some of the district court cases where apparently the administrative claim was filed before the repose statute had run its course. And you're saying, well, in this case, that's not our situation because the repose statute would have kicked in before the administrative claim was filed. Am I right so far? That's correct. Okay. You're not suggesting there should be two separate rules. In other words, are you saying those district court cases were wrong? Or are you saying, well, that's a different situation and if you do file your administrative claim before repose kicks in, well, we're not arguing that the repose statute should apply in that situation. What we're really saying is just that the question of whether a different outcome should obtain in those circumstances isn't before the court. Well, it isn't before the court. But your whole argument about the repose statute, I can't see how you could have one rule where the administrative claim was filed before the repose statute kicks in and then a different rule for the contrary because your argument is, as I understand it, the repose statute is a substantive law and when it kicks in, it kicks in. And that's the end of the story regardless of what the point at which the FTCA claim is going through the system. Right. I don't see how you can maintain a position there should be two separate rules is my question. Well, just for starters, the other circuit courts too have addressed the issue. Like the Fourth Circuit expressly reserved in a footnote the question of whether filing the administrative claim should count to satisfy the statute of repose. But again, what I don't understand is if you're right that this is a substantive provision, the repose statute, and it just when it is exhausted, it applies. Regardless of it's a federal state question in some ways. But then you're sort of suggesting and maybe these circuit courts reserved the question, well, maybe there would be an exception or something if the administrative claim had been brought. And I just don't see how you can entertain that as your position because it's not consistent in my mind with how you're viewing the repose statute. Well, I mean, again, it's hard because that issue isn't squarely presented here, but there are arguments that have been made in a number of these cases that aren't available here. And the court in an appropriate case would have to assess those arguments to determine whether a different result would obtain in those circumstances. There are arguments that the state statute should be deemed to be satisfied by the filing of an administrative claim rather than by the filing of. You would say in an opinion here, we would, if we decided to go with you, we should add the footnote that says, well, this case doesn't present the question of an administrative claim before the repose statute kicks in. So we'll deal with that on another day. Right. And that's what the Fourth Circuit did. That's what the Sixth Circuit did in Huddleston. And then there was a subsequent case, Kennedy, in which the court actually wound up not having to address the issue in that case either because of a state law determination that the repose statute didn't apply. You know, the Seventh Circuit first reached the result that we're asking for here and then had another section of its opinion assessing whether the fact that in that case it was you know, against the plaintiff in that case, but we're not asking the court to go that far. How did the Seventh Circuit do it then? I mean, the Seventh Circuit held that the repose period applied. In that case, the plaintiff could have filed in court before the repose period expired, but didn't. And the Seventh Circuit held in those circumstances that the claim was barred by the statute of repose. Now, you know, this court doesn't, as I said, we're not asking the court to go this far and it wouldn't be appropriate to resolve questions about the exact sequencing that aren't presented here. All we're saying here is when the repose period is over, before the plaintiff does anything, then it's clear both that there's no claim under the Federal Tort Claims Act because there's no substantive, a private person would not be liable in like circumstances. That's clear. But the plaintiff here acted promptly. They didn't wait on their rights. They brought the administrative claim once they learned of the diagnosis, right? Right. And that just goes to the point that a repose period can extinguish a claim even before it accrues. And that, going back, I don't see why then, if that's the case, why whether or not you've filed an administrative claim before or after makes any difference. But let me ask you a different question. This is a very strange case in that there was the, at the district court level, a certified question, certified, the Washington Supreme Court, Washington Supreme Court said, we're not going to take it because you have to decide a threshold question. But as I understand it, the question is whether or not the repose statute is constitutional. What do you think should happen in this case? Should the case be remanded to the district court to allow this question to again go to the Washington Supreme Court? I mean, all we're asking this court to do is to reverse the district court's conclusion that the repose period doesn't apply as a matter of federal law and send the case back to the district court. The district court at that point could entertain briefing and either decide the Washington state question itself or certify to the Washington Supreme Court or conduct proceedings in some other manner. But the only thing that's before this court is the federal question of whether the repose period applies, assuming that it would apply as a matter of state law. So you're seeking reverse and remand. You're not contesting remand as a part of the result that you're advocating for. That's correct. We're not arguing that the case has to be dismissed outright at this stage. The district court would still have more to do on remand. I guess unless there are further questions, I'll reserve the balance of my time for rebuttal. Thank you, your honors. May it please the court. I'm Darren Bailey, counsel for the plaintiff, Bet Bennett. And the question that has been briefed and was just argued before the court is does the FTCA preempt state statutes of repose? Here are the questions about the Washington state statutes of repose. And that's what my briefing and argument will be focusing on. But there is the broader question within the district courts and the circuit with regards to the general proposition of whether the FTCA does preempt state statutes of repose. And put another way, the issue could be reframed as the state statute of repose preclude an otherwise timely FTCA claim as we have in this case. Now, the appellee, we're not disputing that Washington's statute of repose is substantive. That's something that Judge Settle below said that he thinks that they probably would conclude that if it went to the Washington Supreme Court. And we're accepting of that determination. We just don't believe that that's the more important part of the inquiry before the court. Well, let me post to you what I think the most important part of the inquiry is, which is using the words of the statute. Under these circumstances, would a private person be liable to your client in accordance with the law of the state of Washington? I'll answer that question squarely. Why do you start with either a yes or no? And then you can explain. I'll certainly give you time to explain. But it seems to me it's pretty clear the answer to the question is no, a private person would not be liable. The answer would be no, assuming that the court would make its decision based upon whether or not the statute of repose is substantive. Well, no, I'm not trying to attach conditions. I'm saying if it's the case, as it seems pretty clearly to be the case, that if it weren't the United States, if it were St. John's Hospital, if there is such an institution, I apologize, that that institution would not be liable or the doctor or other medical professional in that institution would not be liable in the way that you're arguing that the United States government should be liable here. I probably would agree with that statement, Your Honor. Well, then how do we get around the core of the FTCA, which says, OK, whatever your state law is, if a private person would be liable, we'll waive the sovereign immunity of the United States, but not if a private person would not be liable. So if the private person's not liable here, how does the government through the FTCA waive its sovereign immunity? Well, it's because the question of whether the statute is substantive and therefore would bar the claim is separate and distinct from the inquiry under the supremacy clause of whether the Congress in enacting the FTCA intended to, through either expressly or impliedly, preempt the state statutes of repose. Well, to be honest, I don't understand how preemption becomes an issue. I hear the argument, but the statute says whatever state law says with regard to liability will follow. That's not preemption. That's actually following state law. And if the state of Washington law applied to a private person would not impose liability on that person, then it seems the statute says so. If the state of Washington has decided in its wisdom not to impose liability on a private person, we're applying the same rule. That's not preemption. That's following state law. Well, and your honor is putting your finger on the tension that's contained within the express language of the FTCA itself. The FTCA provides a comprehensive adjudicative procedure that contains its own timelines that contains its own definition of when a claim accrues. And numerous courts, in fact, the majority of district courts in this country, have found, have held that the FTCA, through the language that the Congress put in the act with regards to statutes of limitation, timeliness of claims, that that preempts the state statutes to repose and is a separate inquiry from whether the claim is substantive. In the Romero case, the court went so far as to point out that it's when you look at the substantive nature of the claims and whether it's under like circumstances with the state, what the act is really talking about is the wrongdoing itself, as opposed to matters of subject matter jurisdiction, which is the real case before this panel. It's would the statute repose in state law control subject matter jurisdiction. And again, the balance of the cases, I did supplement the authorities with an out of district or out of circuit case in Colorado, the Tuck case. I just did that yesterday because I found it yesterday. But that judge canvassed what he described as dozens of cases and found that a significant majority across the country have all concluded that the substantive nature of the statute repose does not does not outweigh whether or not Congress intended to occupy the field of what is deemed timely under the FTCA, which provides very specific, very mandatory steps that must bring what you're suggesting. What's been preempted here? What's occupied the field is the FTCA. That's just backwards. There's nothing here that suggests that state law has been preempted. What you're trying to suggest is that that or I guess you're saying that the statute of repose has been preempted by the FTCA. But if the whole thrust of the FTCA is to follow state law, which is what we talked about in a minute ago, I don't see how that follows from the words of the statute. I understand. I've read some of the decisions. I confess I haven't seen your letter from yesterday yet, but I have read some of the decisions that have been cited. I've also read the Court of Appeals decisions that appear to be to the contrary. But I'm just here on a fundamental level. If the point of the FTCA is to say we'll follow state law, I have trouble seeing how that statute also says, except for this one area that we haven't talked about. Well, the exception to the one area we haven't talked about is specifically explicitly addressed in the FTCA, which provides the definition of a timely claim based on the term accrual and accrual signifies under several of the cases that have been briefed. Use of the term accrual signifies an intent to occupy the field of limitations that are either statute of limitations or statute of repose. So, again, the tension is we certainly do have the language in the FTCA, which says it's going to follow the state law with regards to whether conduct is actionable. But it also specifically provides when a claim accrues and in cases fairly consistently at the district court level, find that language expressly stating when a claim accrues informs the claimant when they can bring a claim. And when it specifically is undermined or contradicted by a state law, then Congress intended for the FTCA deadlines to have vitality. Well, but don't we then go back to Judge Clifton's point that the statute itself says the United States should make it easy, a worse place than a private litigant. Isn't that the overarching concept here? Whether or not you think the accrual reference undercuts that? I do, Your Honor. Accrual is defined in the statute as under the medical negligence context is when the plaintiff discovers or has sufficient reason to discover that they've been harmed. And that language cannot just be discounted based on the general thrust. You're discounting the part of the statute that says a private individual, that sovereign immunity is not waived if it puts the government at a disadvantage versus what the state law would provide for a private individual. You're just ignoring that. I'm not ignoring, Your Honor. I would say that to the extent that that general proposition is directly contradicts the language that the Congress put in the act, then we have to give the language of the act against vitality. And that's where the preemption analysis comes in. And with regards to the circuit court cited by defense, there were four that they primarily relied upon. The Fourth Circuit, Anderson, the court never discussed whether statutes of repose apply to the FTCA and didn't perform any preemption analysis at all. To me, your strongest textual argument is that the agency has six months to consider the claim, and there's a possibility that someone could file it before the statute of repose kicks in, but then the agency has six months to consider, and then that would extend it past the statute of repose. That, to me, might be the strongest textual hook of overcoming the statute. But what's your response to the government's argument that that doesn't even apply here, and so we shouldn't even consider that textual angle? Well, I think the court's decision here would need to apply to scenarios where the claim accrues after the statute of repose, as well as if it accrued before and didn't get resolved by the agency until after the expiration. Those kind of collapse into the same answer the question before the court is going to be, if it's substantive, then does that control the statute of repose? And if there's preemption, then it wouldn't matter the timing of when the claim accrued because the court would then just be following what Congress stated as for what the timeliness of that claim was. I'm not sure if I answered your question, Your Honor. Well, yeah, I mean, it sounds like you're making an implied preemption claim versus an express preemption claim, but I don't see the direct contradiction. The only direct contradiction I see is the situation where the statute of repose hasn't expired, but it would expire within six months, and the agency still has six months to consider it. So that's, I think, the only direct conflict. Do you agree with that, or am I seeing something you see differently? Well, in addition to what you said, Your Honor, there's also the occasion where the state judges claimants to stay in the adjudicative process. And so they claim it can bring a claim within six months of not hearing back from the government, but the government, the federal agency can actually take years. And in many of these cases, it actually did. They go on for sometimes five or six years. So there is no upward limitation to really how long that process can drag out. Notwithstanding a state statute of repose that might render the claim a nullity during the pendency of the review. That's still not a direct conflict, though. No, not a direct. And the appellee's argument is it's implied preemption by both the conflicts of the text within the statute, as well as the Congress's intent to occupy the field of what constitutes a timely claim. And Congress knows what the term accrual means. And when you use the term accrual, accrual is, by definition, independent of statutes of limitation. In the Blau case, the court said it in itself preempts statutes of repose because it, again, occupies that particular field. As far as, just quickly with the Huddleston case, that was an unpublished Sixth Circuit. Again, they didn't do any preemption analysis. Smith, another Fifth Circuit, also unpublished. Four-paragraph opinion where they just apply the statute of repose without any analysis. And Agudas is distinguishable in that. Again, there was no analysis. The court just said without citation, just one sentence, there is no conflict between state and federal law because it was possible for Agudas to have satisfied the requirements of both regimes. So, again, there was no analysis in that. And that doesn't comport with a Supreme Court decision in Arizona v. U.S. where conflict preemption is not just if it's physically impossible. It's when the state law stands as an obstacle to the objective of the federal law. Your time is over if you want to wrap up. Yeah, yes. Thank you, Your Honor. Ms. Bennett, she followed the FTCA procedures as she was required to. It's undisputed that she got the claim promptly and within the requirements. Her claim is proper and timely under the FTCA's established and specific time-based rules. And as I've said, I'll conclude it. The FTCA does not look to state law to determine whether a particular claim is timely filed but rather to the administrative procedures explicitly laid out in the Act itself. And I would ask this Court to find that it does have subject matter jurisdiction over Bennett's FTCA claim. Thank you, Your Honors. Thank you, Counsel. Mr. Tenney. I just have two quick points on rebuttal. First, as Counsel pointed out, what the FTCA defines is when a claim accrues and the statute of limitations that applies. But that's our point because statutes of repose don't have to do with when a claim accrues. And so it's perfectly consistent to apply a statute of limitations in federal law and then the substantive statute of repose that doesn't change the accrual rules. Those are set by federal law. Everyone agrees on that, and everyone agrees that state statutes of limitations don't apply. So that argument really doesn't, if anything, help our position. And then second, with regard to the argument about a conflict, there was some discussion about under what circumstances plaintiff was arguing either that it doesn't have to be within six months because the administrative process would drag out. The fundamental point for the case before the Court today is that there was no argument that there's any actual conflict between the FTCA and state law in this case Nothing about the FTCA's procedures affected the operation of the statute of repose at all. The statute of repose had expired. So regardless of whether you were following the FTCA procedures or you were filing a suit in state court against a private entity, your claim would be barred. And all we're saying is in those circumstances, the claim should be barred. The problem with that argument is I take it that your first argument is that there's no conflict at all, so we don't have to look at the text of the statute. But in one scenario, there is a conflict between the statute. So in some points, we do look at the text. Some points, we don't. It seems like that's what your argument is. Well, I guess the argument is if they have a claim of preemption, it would be an as-applied claim in a circumstance in which some conflict that they've identified arises. And then the court would have to assess that claim on its merits as some courts in other circuits have done. This is not the case to do that. What they don't have a claim is that facially the statute of repose can't apply consistently with the Federal Tort Claims Act because it's clear that it can. And in this case, they operate in a perfectly consonant manner. And there's no problem. And so that's all this court has to say to resolve this case and could leave to for another day the various scenarios that they posit, none of which is presented here. Unless there are any further questions. Looks like not. Thank you very much, counsel. Thank you, Your Honor. And we are adjourned for today. All rise. Hear ye, hear ye. All persons having had business with the Honorable in the United States Court of Appeals for the Ninth Circuit will now depart. For this court, for this session, now stands adjourned. Thank you.
judges: CLIFTON, BUMATAY, Seeborg